UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA LIZAK, individually and as survivor of Marcel Lizak, and DEBORAH K. EBNER, Bankruptcy Trustee for Lucia Lizak and Independent Administrator for the Estate of Marcel Lizak, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 09 C 4283 |
| v. | ) ) | Judge George M. Marovich |
| VILLAGE OF CAMPTON HILLS, VILLAGE OF CAMPTON HILLS POLICE DEPARTMENT, RANDY JOHNSON, DENNIS HUGHES, GREGORY ANDERSON, UNKNOWN OFFICERS, OLD TOWNE PUB AND EATERY OF WASCO, INC., J&C OF GENEVA CORP., KIM WEISS, LORNE M. SZORC and CHRISTINA M. AICHELE, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After the death of Marcel Lizak ("Lizak"), plaintiffs Lucia Lizak, as survivor of Marcel Lizak, and Deborah Ebner ("Ebner" or the "trustee") filed suit against defendants Village of Campton Hills, the Village of Campton Hills Police Department, Officers Randy Johnson ("Johnson"), Dennis Hughes ("Hughes"), Gregory Anderson ("Anderson"), the Old Towne Pub and Eatery of Wasco, Inc., J&C of Geneva Corp., Kim Weiss ("Weiss"), Lorne M. Szorc ("Szorc") and Christina M. Aichele ("Aichele"). Defendants Village of Campton Hills, Johnson, Hughes and Anderson have filed a motion to dismiss. For the reasons set forth below, the Court grants the motion to dismiss.

## I. Background

The Court takes as true the allegations in plaintiffs' complaint.

Marcel Lizak was pronounced dead at 12:45 a.m. on August 3, 2008 after he walked through an intersection and was struck by an automobile driven by defendant Aichele. Plaintiffs assert claims against a number of individuals and entities that Lizak encountered during the last twelve hours of his life.

At 12:54 p.m. on August 2, 2008, Lizak drove to a gas station and purchased gas and 24 cans of beer. During the next five hours, Lizak drank thirteen cans of the beer.

By 6:14 p.m., Village of Campton Hills Police Officer Johnson saw Lizak drive his truck in reverse into a post, which Lizak knocked over. Officer Johnson pulled over Lizak and noticed that Lizak was inebriated. Johnson smelled the alcohol, watched as Lizak attempted multiple times to hand Johnson his driver's license and watched as Lizak stumbled out of the truck. When Lizak got out of his truck, he left his cell phone in the truck. Johnson called Officer Hughes to the scene to assist. Once Officer Hughes arrived, Johnson attempted to conduct three field sobriety tests. Lizak was so intoxicated that Johnson could perform only the eye examination. Lizak refused to take a breathalyzer test.

By 7:29 p.m., Officers Johnson and Hughes had arrested Lizak and were booking him at the police station. Lizak slurred his speech as he answered the officers' questions during the booking process. Johnson had Lizak's truck impounded. By a few minutes after 8:00, Johnson informed Lizak that if he did not post bond of $107, Johnson would take Lizak to Kane County Jail until morning. When Lizak stated that he had no money, Johnson "instructed" Lizak to pay with a credit card.

At 8:24 p.m., Johnson informed Lizak that he was free to go. Lizak left on foot.

Lizak proceeded to the Old Towne Pub and Eatery, which was an approximately five-minute walk from the police station. At the Old Towne Pub and Eatery, defendant Weiss sold Lizak two beers. Defendant Szorc sold Lizak a third beer. At approximately 9:45 p.m., Lizak paid his bill and left the Old Towne Pub and Eatery on foot.

About ninety minutes later, at 11:18 p.m., Lizak was walking south on LaFox Road. Lizak was stumbling through an intersection when the oncoming traffic's light turned green. The light was green when defendant Aichele drove her car through the intersection and hit Lizak.

Lizak was pronounced dead at Good Samaritan Hospital at 12:45 p.m. Lizak's blood alcohol content at the time of death was .233.

Based on these events, Lucia Lizak (Lizak's widow) and Deborah Ebner (as Bankruptcy Trustee for Lucia Lizak and Independent Administrator for the Estate of Marcel Lizak) filed a 36-count, 70-page complaint. Defendants Village of Campton Hills, Johnson, Hughes and Anderson move to dismiss.

## II.  Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

### III. Discussion

#### A. Plaintiffs' substantive due process claims

In Counts I, II and III, plaintiffs bring claims under § 1983 and assert that defendants Johnson, Hughes and Anderson, respectively, violated Lizak's substantive due process rights by breaching their duty not to create danger that Lizak would otherwise not have faced. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II and III on the grounds that plaintiffs fail to state a claim upon which relief may be granted.

The Due Process Clause of the 14th Amendment to the Constitution says that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The Clause is "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cty. Dep't of Social Serv.*, 489 U.S. 189, 195 (1989). The purpose of the Due Process Clause is "to protect

people from the State, not to ensure that the State protected them from each other." *DeShaney*, 489 U.S. at 196; *see also Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) ("The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary as maintaining law and order.").

In *DeShaney*, the Supreme Court was asked, after a boy was brutally beaten by his father, whether state employees–who had failed to remove the boy from his father despite warnings and evidence of abuse and despite having temporarily removed the boy from his father's custody–could be liable under § 1983 for breach of the boy's substantive due process rights. The Supreme Court said no, concluding that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney*, 489 U.S. at 197. In so ruling, the Court rejected the argument that the boy came within the "special relationship" exception. The Court recognized that the State owes a duty of care when the State "by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself." *DeShaney*, 489 U.S. at 200. The Court pointed out that:

> [t]he affirmative duty to protect *arises not from the State's knowledge* of the individual's predicament or from its expressions of intent to help him, *but from the limitation which it has imposed on his freedom to act on his own behalf*.

*DeShaney*, 489 U.S. at 200 (emphasis added). Finally, the Court said:

> While the State may have been aware of the dangers that Joshua faced in the free world, *it played no part in their creation*, nor did it do anything to render him more vulnerable to them. That the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, *it placed him in no worse position than that which he would have been had it not acted at all*; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter.

-5-

*DeShaney*, 489 U.S. 189 (emphasis added).

It is from that last quote that courts have extrapolated the "state-created danger" substantive due process claim that is the basis of Counts I, II and III. The parties agree that the elements of that claim are: (1) the state, by its affirmative acts, must have created or increased the danger faced by an individual; (2) the failure on the part of the state must be the proximate cause of the injury; and (3) the state's failure must shock the conscience. *Sandage v. Board of Comm'rs of Vanderburgh Cty*, 548 F.3d 595, 599 (7th Cir. 2008) (affirming 12(b)(6) dismissal of plaintiff's substantive due process claim). The Seventh Circuit has cautioned "that 'create or increase' must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect." *Sandage*, 548 F.3d at 599.

Plaintiffs' theory in this case is that defendants "failed to prevent state-created dangers of releasing a DUI arrestee to walk alone, at night and outdoors without a reasonably safe alternative to make it home." (Plaintiffs' Response Brief at 5). Defendants argue that plaintiffs fail to state a claim in Counts I, II and III, because defendants did not take any affirmative acts that created or increased the danger to Lizak.

This case bears an unfortunate resemblance to *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169 (7th Cir. 1997). In that case, police officers broke up a bar fight and removed a drunken Stevens from a bar. Stevens accepted the officers' offer to drive him to and drop him off at a gas station that was located less than a block from the bar. Ninety minutes later, Stevens was walking in a road, when he was hit by a car, which caused injuries that resulted in his death. His estate claimed that the officers violated his substantive due process rights by abandoning him in an intoxicated state. The Seventh Circuit rejected the argument, because the officers had no

involvement in intoxicating Stevens, who was not made worse off by his encounter with the police. *Stevens*, 105 F.3d at 1178. In *Sellers by and through Sellers v. Baer*, too, an intoxicated individual was killed by an automobile ninety minutes after having been removed from a fair by police and dropped off at a police station parking lot ten blocks away. *Sellers*, 28 F.3d 895, 900 (3rd Cir. 1994). There, the Third Circuit Court of Appeals concluded that officers had not violated the intoxicated individual's substantive due process rights (and granted the officers qualified immunity), because the officers had left him no worse off than he had been at the fair. In *Bogle v. City of Warner Robins*, the court reached a similar conclusion in a similar case. *Bogle*, 953 F. Supp. 1563 (M.D. GA. 1997). In that case, at 10:00 p.m., police officers arrested an extremely intoxicated plaintiff for disorderly conduct after a bar complained that she would not leave. Plaintiff was in custody until 2:00 a.m., when an officer released her. Plaintiff was raped while walking home. The court concluded that the officers had no constitutional duty to protect plaintiff, because the officers had not inflicted plaintiff's impaired state upon her. *Bogle*, 953 F. Supp. at 1567.

The Court agrees with the result in these cases and concludes that plaintiffs have not stated a substantive due process claim against defendants Johnson, Hughes and Anderson. According to the allegations in the complaint, when Johnson found Lizak, Lizak was driving his truck backwards into a post after having consumed thirteen cans of beer in five hours. Johnson removed him from his vehicle and arrested him. More than two hours later, at about 8:30 p.m. on a summer evening, the officers released Lizak from the police station. Lizak walked to a bar and drank three more beers. The Court does not see how the officers *created* the danger Lizak faced. Yes, they released him from custody, but the only thing that was dangerous about

releasing Lizak was that Lizak was intoxicated. The officers, however, did nothing to make Lizak intoxicated. The officers did not force Lizak to drink thirteen beers in five hours, but, rather, they stopped him from operating a truck while he was intoxicated. The officers did not force Lizak to drink three beers after walking away from the police station. The officers did not create Lizak's intoxication, and they did not make his intoxication worse; they made him better off by removing him from his truck. It is not as though the officers created additional danger by, say, driving Lizak into the wilderness and leaving him there or by, say, sending home a sober companion (Lizak was alone when Johnson found him) who might otherwise have seen him home safely. As plaintiffs would have it, the defendants' only option was to keep Lizak in jail overnight. There is no constitutional right to be imprisoned. *Wilson v. Formigoni*, 42 F.3d 1060, 1066 (7th Cir. 1994) ("But there is no constitutional right to be deprived of liberty–there is no right to be imprisoned.").

Accordingly, the Court concludes that plaintiffs fail state a § 1983 claim for substantive due process. For these reasons, the Court grants defendants' motion and hereby dismisses Counts I, II and III.

It is important to recognize what the Court is and is not saying in this ruling. The Court is not saying that the officers had no duty to Lizak. (They may or may not, for example, have had a duty under state law, but that is not a question for this Court on this day.) The Court is merely saying that the Due Process Clause of the Constitution did not impose upon these officers a duty to protect Lizak under the facts alleged in this case. The "Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation." *DeShaney*, 489 U.S. at 202.

### B. Plaintiffs' *Monell* claims

In Counts IV, V and VI, plaintiffs assert *Monell* claims against the Village of Campton Hills based on the Village's alleged failure to promulgate an adequate policy, its allegedly inadequate customs and practices and its alleged failure to train. Because plaintiffs have failed to state a claim on the underlying constitutional violations, so, too, they have failed to state claims against the municipality. *See Windle v. City of Marion, Indiana*, 321 F.3d 658, 662 (7th Cir. 2003).

Accordingly, those claims are dismissed for failure to state a claim.

### C. Plaintiffs' state law claims

The Court has supplemental jurisdiction over plaintiffs' remaining claims. Because the Court has disposed of the only claims over which it had subject matter jurisdiction, the Court exercises its discretion to dismiss the remaining state claims without prejudice. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). Counts VII through XXXVI are dismissed without prejudice, and plaintiff is free to file those claims in state court.

## IV. Conclusion

For the reasons set out above, the Court grants defendants' motion to dismiss. All other pending motions are denied as moot. Plaintiffs' complaint is dismissed.

ENTER:

George M. Marovich
United States District Judge

DATED: February 2, 2010